IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00752-PAB-NYW

POSTNET INTERNATIONAL FRANCHISE CORPORATION,

    Plaintiff,

v.

LORENZO PRINTING, LLC,
JOHN LORENZO, and
BENITO LORENZO,

    Defendants.

## STIPULATED FINAL JUDGMENT

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Judgment [Docket No. 18].

Plaintiff filed this lawsuit on March 30, 2018 asserting claims for breach of contract and misappropriation of trade secrets based on defendants' alleged breach of a franchise agreement and unauthorized use of plaintiff's confidential and proprietary information. Docket No. 1. On March 30, 2018, plaintiff moved for a preliminary injunction to enforce the terms of the franchise agreement and prevent the disclosure of plaintiff's proprietary information. Docket No. 2. A hearing on the motion is currently set for June 13, 2018. Docket No. 11. On June 8, 2018, the parties filed the instant motion requesting entry of a stipulated final judgment resolving all claims in this lawsuit. Docket No. 18 at 1, ¶ 3.

## I. FINDINGS OF FACT

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Plaintiff PostNet International Franchise Corporation ("PostNet") is a franchisor of PostNet retail stores that provide a broad array of printing and document services, graphic design, web and marketing services, shipping, packaging and mailing services, and other related business services (defined in the Franchise Agreement as the "Franchised Business").

3. PostNet has developed a distinct and uniform system (the "System") relating to the establishment and operation of PostNet retail stores. PostNet has expended considerable time and resources over 20 years to develop the System. The System includes, without limitation, the following proprietary and confidential trade secrets and intellectual property, which were developed exclusively by PostNet to be used in connection with the establishment and ongoing operation of PostNet retail stores:

  a. A comprehensive operating manual (the "Manual");

  b. Programs, methods, and techniques for providing services relating to printing, graphic design, internet marketing, shipping, packaging, and mailing;

  c. Point of sale and other operating software;

  d. Internet support portals;

  e. Vendor relationships;

  f. Training publications and presentations;

g.  Management assistance; and

h.  Promotional assistance.

4. The System is confidential and, as such, is not known to or ascertainable by the public at large, the industry in which PostNet's franchisees operate, or the geographical market in which defendants conduct business. Because it is not known or ascertainable by others, the System provides value to PostNet and its franchisees.

5. PostNet identifies the System with certain trade names, service marks, trademarks, logos, emblems, and indicia of origin (the "Proprietary Marks"), including, without limitation:

a.  The mark "PostNet";

b.  Distinctive store color schemes;

c.  Distinctive store fixtures; and

d.  Distinctive store design and layout.

6. On March 17, 2012, PostNet and defendant Lorenzo Printing, LLC entered into the Franchise Agreement, pursuant to which PostNet granted defendants the right to operate a PostNet Franchised Business using the System and the Proprietary Marks. The Franchise Agreement designated Defendants as "you" and PostNet as "we" or "us."

7. In Exhibit C to the Franchise Agreement, defendants John Lorenzo and Benito Lorenzo signed a Personal Guarantee and Covenants (the "Guaranty"), in which they guaranteed and assumed all duties and obligations of Lorenzo Printing, LLC under the Franchise Agreement.

8.      Pursuant to the Franchise Agreement, defendants established a PostNet retail store (defined in the Franchise Agreement as the "Center") located at 609 Cross Keys Road, Suite D1, Sicklerville, New Jersey 08081 (defined in the Franchise Agreement as the "Approved Location").

9.      In granting defendants a franchise under the Franchise Agreement, PostNet gave defendants limited rights to access and use the System and defendants agreed that the System was proprietary and confidential. Consistent with that arrangement, in Section 8.1 of the Franchise Agreement, defendants agreed that information provided by PostNet, including, without limitation, the System and the Manual, is proprietary and confidential and designated as the "Confidential Information." Defendants agreed not to divulge or improperly use the Confidential Information.

## II. CONCLUSION

Having been fully advised in the premises and based on the Joint Motion for Entry of Stipulated Judgment [Docket No. 18], it is

**ORDERED** that the Joint Motion for Entry of Stipulated Judgment [Docket No. 18] is granted. It is further

**ORDERED** that, except as otherwise provided herein, for one year from the date of the entry of this Stipulated Final Judgment, defendants and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with defendants, are hereby enjoined from directly or indirectly, or in conjunction with any person, persons, or legal entity (including legal entities which they

own, are owned by, or are under common ownership with defendants and including, without limitation, Two-Two Creative):

    1.    Owning, maintaining, advising, operating, engaging in, leasing to, being employed by, making loans to, or having any interest in or relationship or association with a business which offers the same or similar products or services as those offered by defendants' former PostNet Center or the PostNet System, and which is located: (i) at the Approved Location; (ii) within ten miles of the Approved Location; or (iii) within ten miles of any PostNet Center;

    2.    Using the System or disclosing information related to the System; and

    3.    Using the Confidential Information or disclosing information related to the Confidential Information.  It is further

**ORDERED** that, subject to defendants' compliance with all other provisions of this Stipulated Final Judgment, defendants may operate a co-working rental business at 653 Berlin - Cross Keys Road, Sicklerville, NJ 08081, that offers printing and fax services for customers who have been paid for RevCoWork memberships, but that does not advertise those services for one year from the date of entry of this Stipulated Final Judgment.

DATED June 11, 2018.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge